by the contesting heirs, who consent to the probate of the will and codicil, and petition this court for a construction whereby clause "fifth" of the codicil of January 24, 1911, may be embodied and included as a part and portion of the last will and testament of the decedent.

The group of wills and codicils executed by the testatrix are not radical in their changes, but indicate a desire to modify bequests and legacies to relatives and charitable institutions under changing conditions. The will offered for probate is carefully prepared, and, while it contains no revocation clause, is divided into five articles and subdivisions, three of which articles contain a sequence of bequests, many of which are contained in the preceding instruments. Article fourth devises and bequeaths all the rest, residue, and remainder of decedent's estate. Article fifth appoints an executor and defines his powers. The codicil, executed a few months later, modifies some of the bequests and republishes the will of July 15th in the following language:

"Fourth. I hereby declare said instrument made by me on said July 15th, 1914, for my last will and testament except so far as it does not contain the things provided for in this codicil, to be a declaration of the manner in which I wish to dispose of my property; and I hereby publish and declare said instrument made said July 15th, 1914, and this codicil, to be, together, my last will, using the said word 'will' according to the definition thereof in section 2768 of the Code of Civil Procedure of the state of New York, so as to signify said last will and testament and this codicil thereto."

The law is well established that a testator can leave but one last will; that a will can be modified by any number of codicils, all being of equal force, if not contradictory. But a will which makes a full and complete disposition of all the testator's property renders useless, and therefore amounts to a total revocation of, every prior will. I have examined the brief and cases cited by contestant, wherein he seeks to have the legacy contained in the codicil of January 24, 1911, read into the last will. The plan proposed by contestant I believe would be in conflict with the intention of the testator, because of a complete disposition of the estate contained in the last will and codicil.

A decree may be entered in accordance with the above memoranda.

---

(95 Misc. Rep. 466)

## In re CAFFREY'S WILL.

### (Surrogate's Court, New York County. May 13, 1916.)

1. WILLS ⬤⇒324(1)—PROBATE—JURY TRIAL—QUESTIONS OF SURROGATE.

 The surrogate, in every probate cause tried with a jury, is compelled to decide whether or not there is an issue for the jury, and whether verdict against the will would be against the weight of the evidence.

 [Ed. Note.—For other cases, see Wills, Cent. Dig. § 767; Dec. Dig. ⬤⇒324(1).]

2. WILLS ⬤⇒303(6)—EXECUTION—PROOF—DISCREPANCY IN TESTIMONY.

 Discrepancies in the testimony of attesting witnesses as to the order of execution are not sufficient to impeach the execution of a will, if the essentials of execution are otherwise established, and not controverted.

 [Ed. Note.—For other cases, see Wills, Cent. Dig. § 722; Dec. Dig. ⬤⇒303(6).]

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. WILLS ☞289—EXECUTION—REGULARITY—PRESUMPTION FROM PRESENCE OF LAWYER.

From the attendance at the execution of a will of a lawyer authorized to practice in the jurisdiction there is per se some presumption of regularity of execution.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 653–661; Dec. Dig. ☞289.]

4. EVIDENCE ☞511—EXPERT OPINION—GENUINENESS OF TESTATOR'S MARK.

In proceedings for probate of a will, the exclusion of expert opinion testimony in reference to the genuineness of testator's mark was proper, as marks are not within the reasons assigned for admitting opinion evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2315; Dec. Dig. ☞511.]

5. WILLS ☞155(1)—"UNDUE INFLUENCE."

"Undue influence," relative to the execution of a will, is such that the volition of a testator is subjected to the coercion or domination of another person.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 375, 379; Dec. Dig. ☞155(1).

For other definitions, see Words and Phrases, First and Second Series, Undue Influence.]

6. WILLS ☞164(1)—UNDUE INFLUENCE—EVIDENCE.

A circumstance or item of evidence which does not logically bear on coercion of testator's mental states in and about the very act of will is not admissible on the trial of an issue of undue influence.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 403, 407, 408, 413; Dec. Dig. ☞164(1).]

7. WILLS ☞163(1)—UNDUE INFLUENCE—PRESUMPTION.

Undue influence is never presumed from the mere situation of the parties, or from the fact that the party alleged to have wielded the undue influence benefits by the testament in controversy.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 388, 389, 399, 400; Dec. Dig. ☞163(1).]

8. WILLS ☞166(7)—UNDUE INFLUENCE—PROOF—OPPORTUNITY.

Mere opportunity to exercise undue influence relative to the execution of a will does not establish an allegation of coercion.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 432; Dec. Dig. ☞166(7).]

9. WILLS ☞155(1)—UNDUE INFLUENCE—COERCION RELATIVE TO WILLS.

The coercion which is the basis of undue influence relative to wills in probate common law must in fact have been enacted in relation to the will; proof of coercion in respect to other matters not being sufficient.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 375, 379; Dec. Dig. ☞155(1).]

10. WILLS ☞155(1)—UNDUE INFLUENCE—"COERCION."

The "coercion" which is the gravamen of undue influence relative to wills must be destructive of testamentary free agency, must overpower testator's volition, and must be tantamount to force and fear. Neither coercion which leaves the testator's judgment free, nor mere importunity, or dictatorial conduct, of legatees or devisees, unless connected with the act of a will, are evidence of that coercion which in testamentary law destroys the will of an otherwise competent testator.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 375, 379; Dec. Dig. ☞155(1).

For other definitions, see Words and Phrases, First and Second Series, Coercion.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

11. WILLS ☞324(3)—PROBATE—DUTY OF SURROGATE RELATIVE TO JURY.

In proceedings for probate of a will, attacked on the ground of undue influence, the surrogate should never leave inconclusive proofs to a jury.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 769; Dec. Dig. ☞324(3).]

12. WILLS ☞324(3)—PROBATE—UNDUE INFLUENCE—INSUFFICIENCY OF PROOF.

If the circumstantial evidence adduced in support of the plea of undue influence is insufficient in law, it is error for the surrogate to leave the case with the jury.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 769; Dec. Dig. ☞324(3).]

13. WILLS ☞155(1)—UNDUE INFLUENCE—ELEMENTS.

The elements of undue influence, relative to a will, are possession by the person charged of undue influence over the testator, which he actually exercised to the extent of coercion, thereby procuring the execution of the impeached papers.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 375, 379; Dec. Dig. ☞155(1).]

In the matter of the probate of the last will and testament of Peter Caffrey, deceased. On motions for new trial and judgment. Motion for new trial overruled, and motion for probate granted.

Murray, Prentice & Howland, of New York City (Charles P. Howland, of New York City, of counsel), for proponent.

Winifred Sullivan, of New York City, for contestants.

Edmund J. Tinsdale, of New York City, special guardian.

FOWLER, S. [1] The motions for a new trial and judgment having come on to be heard, pursuant to the practice directed in this court (In re Dorsey's Will, 157 N. Y. Supp. 662), after deliberate consideration I have been unable to find any exceptions which warrant the granting of a new trial. The surrogate in every probate cause tried with a jury is compelled to decide whether or not there is an issue for the jury and whether a verdict against the will would be against the weight of evidence. In re Dorsey's Will, 157 N. Y. Supp. 669.

On the trial no serious point was made about the due execution of the will, and all the contestants' efforts were directed to the plea of undue influence. On the motion for a new trial the insistence seems to be reversed, and the alleged defective execution is given the prominent place. To my mind the execution of the will was fully established and not contradicted.

[2, 3] Discrepancies in the testimony of attesting witnesses as to the order of execution are not sufficient to impeach the execution of a will, if the essentials of execution are otherwise established and not controverted. Here was a full certificate of attestation in the usual form used in this jurisdiction. The ceremony of execution was superintended by a lawyer authorized to practice in this jurisdiction. From the attendance of such lawyer there is per se some presumption of regularity of execution.

[4] The exclusion of the opinion of the expert, in reference to the genuineness of the testator's mark, was in conformity with the rule, as I understand it, in this state. Marks are not within the reasons

assigned for opinion evidence. It would be improper, I think, to take the opinion of an expert on the genuineness of a mark made under the circumstances given in evidence in this proceeding.

I now come to the plea of undue influence, upon which, originally, the whole contest was made on the trial. There seems to be an impression among some practitioners in this court that a plea of undue influence can be established in a probate cause by less evidence, or by proofs of a less cogent kind, than those required to establish other defensive pleas in this court. They seem to think that the rules governing the logical relevancy of proofs have no application to pleas of undue influence. It is almost needless to say that this is not the fact. But as juries have come to be employed in the course of the surrogates' preliminary inquisition as to factum of will, it is perhaps of fundamental importance that this misconception should be speedily corrected, or great injustice may result to testators and to the testamentary power in general. Unless on trials of this kind held with juries the judge restrains the evidence within legal bounds I can conceive of no greater wrong to the testamentary power. It must be remembered that the right to make a will is still in force in this jurisdiction. Loose juridical notions and doctrines upon the nature of the plea or the proofs of undue influence will tend to disturb the right still conferred to make a will. This is a fortiori so now that this subtle and highly specialized plea is to be dealt with by common juries on the probate.

[5] In Matter of Hermann, 87 Misc. Rep. 476, 481, 150 N. Y. Supp. 118, 125, affirmed above, I took occasion to point out with some care that a plea of undue influence always imports coercion or compulsion of the mental states of testator in respect of the act of will, and in substance that unless the proof of coercion was sufficient and cogent the plea of undue influence was not made out in law. My opinion was fortified by authority, and it was affirmed on appeal. But I will not rest on any adjudication of my own. Undue influence has been defined in the country whence we derive our testamentary common law as influence of such a nature that the volition of a testator is subjected to the coercion or domination of another person. Parfitt v. Lawless (1876) L. R. 2 P. & M. 462; Wingrove v. Wingrove (1886) 11 P. D. 81; Baudains v. Richardson (1906) A. C. at pages 184, 185, per Lord Macnaghten. And see other cases cited in Powles & Oakley on Probate (4th Ed.) page 36, note P.

Coercion is at all times the essence of undue influence. In a number of adjudications in this court I have cited the leading decisions of our own courts reaffirming in substance the common-law doctrine that coercion is the essence of undue influence. Matter of Hermann, 87 Misc. Rep. 476, 150 N. Y. Supp. 118; Matter of Van Ness, 78 Misc. Rep. 599, 139 N. Y. Supp. 485. A controlling definition of undue influence in testamentary causes is contained in Gardiner v. Gardiner, 34 N. Y. at page 161, and it is in strict conformity with the testamentary common law already cited.

[6] Our superior courts, in common with superior courts elsewhere, have held that undue influence may be made out by what is called circumstantial or indirect evidence, as it is not always possible to prove

undue influence by direct evidence. Rollwagen v. Rollwagen, 63 N. Y. 519. There are doubtless some unguarded, and I think unjustified, expressions, largely obiter dicta, that such proofs should be liberally received by the trial court. But, be this as it may, our courts have nowhere said that any circumstance, or any misconduct, or any misbehavior on the part of any beneficiary taking under the will is a circumstance which may be adduced to establish undue influence. A circumstance or item of evidence which does not logically bear on coercion of the testator's mental states in and about the very act of will is not entitled to be given in evidence on the trial of an issue of undue influence. Boyse v. Rossborough, 6 Ho. L. Cas. p. 51.

[**7, 8**] Undue influence is never presumed from the mere situation of the parties, or from the fact that the party alleged to have wielded the undue influence benefits by the testament in controversy. Boyse v. Rossborough (1857) 6 H. L. C. at page 49, per Lord Cranworth; Parfitt v. Lawless, supra; Spiers v. English (1907) P. at page 24. To maintain the contrary is, in reality, to cast the onus in the first instance in every probate cause on those preferred by a will to disprove undue influence. Now our courts have repeatedly said that mere opportunity to exercise undue influence does not establish the allegation of coercion. Matter of Gihon, 44 App. Div. 621, 622, 60 N. Y. Supp. 65; Seguine v. Seguine, 3 Keyes, at page 669; Cudney v. Cudney, 68 N. Y. 149, 152; Matter of Mondorf, 110 N. Y. at page 456, 18 N. E. 256. Yet much of the proofs ordinarily offered to support pleas of undue influence are addressed to opportunities to commit the offense. The decisions last indicated were only in conformity with Lord Chancellor Cranworth's celebrated judgment in Boyse v. Rossborough, 6 H. of L. Cas. 51, where he said:

"In order to set aside the will of a person of sound mind it is not sufficient to show that the circumstances attending its execution are consistent with the hypothesis of its having been attained by undue influence. It must be shown that they are inconsistent with a contrary hypothesis. The undue influence must be exercised in relation to the will itself" (cited at length in Tristram & Coote's Probate Pr. [14th Ed.] at page 412).

[**9, 10**] It is too often forgotten in probate causes that the coercion which is always the basis of undue influence in probate common law must be exercised in relation to the will itself. It is not sufficient to prove coercion in respect of other matters. Mortimer, Probate Practice, p. 78; Seguine v. Seguine, 3 Keyes, at page 669; Theobald, Law of Wills (6th Ed.) p. 28. The coercion, which is the gravamen of undue influence, and I cannot be too emphatic about this, must be destructive of the free agency of the testator; it must overpower his volition; it must be tantamount to force and fear. Coercion which leaves the testator's judgment free is not sufficient to establish undue influence. Proofs of mere importunity, a general dictatorial conduct of legatees or devisees toward a testator, unless connected with the act of will, are not evidence of that coercion which in testamentary law suffices to destroy the will of an otherwise competent testator. This is especially true when in the act of will a testator is proved to have been surrounded by all those safeguards and precautions which the

statute of wills in its wisdom makes essential to a valid exercise of the testamentary power.

[11, 12] In almost every will case of importance the attendance of a lawyer of elevated professional character, of disinterested and highly respectable attesting witnesses, summoned by the testator himself to the ceremony of execution, the formal circumspection and deliberation ordinarily attending the execution of a will, in most instances, at least, serve to repel the inference possible from the disconnected circumstances generally adduced in support of the plea of undue influence. These are too often gossip called by the high-sounding name of declarations, or res gestæ, of an inconclusive kind. On every trial it is for the surrogate to determine in the first instance whether such proofs are in law sufficient to support a verdict against the will. If he do not, he is highly derelict in his duty. To abandon to a jury proofs consisting of circumstances which may, but which necessarily do not, show coercion in and about the act of will, is practically to destroy the testamentary power in the greatest number of cases. It is for this reason that the surrogate should never leave such proofs to a jury. If in law the circumstantial evidence adduced in support of undue influence is insufficient, it is error for the surrogate to leave the case with the jury.

[13] The Irish probate law, from its foreign origin, its tradition and its substance, more nearly resembles our own than modern English probate law. It is well said in a leading Irish case:

"That a contestant is not entitled to have an issue of undue influence left to the jury unless reasonable evidence is given: (1) That the person charged had influence over the testator; (2) that he exercised such undue influence over him to the extent of coercion; and (3) that the execution of the impeached paper was procured by the exercise of such coercion as the causa causans of the act itself." Purdon v. Longford. 1 L. R. Ir. at page 80, cited in extenso in Miller's Irish Probate Pr. at page 132.

I know of no case in our own books where the correct elements of undue influence are better indicated than in the case just cited. That case also serves to point out the duty of a surrogate in reference to submission of undue influence to a jury. It is that case which I esteemed to be a good and proper example for my action in this case. I believed that that case well expressed the law recognized in this jurisdiction.

Motion for a new trial overruled. Motion for probate of the paper propounded, based on the directed verdict of the jury, granted. Settle decree of probate in due form, reciting the submission to the jury and the proceedings for new trial and judgment.